Pedro Lemus **CAMACHO;** et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–72871.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2008.*

Filed Dec. 9, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Sada Manickam, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen a previous denial of an application for cancellation of removal under 8 U.S.C. § 1229b(b).

We review the BIA's ruling on a motion to reopen for abuse of discretion. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

As to petitioners Pedro Lemus Camacho (A095–876–804) and Sandra Monica Lemus Magana (A095–876–807), the BIA did not abuse its discretion in denying the motion to reopen because the motion fails to address petitioners' continued ineligibility for cancellation of removal. Pedro Lemus Camacho presented no evidence that he can overcome the bar to relief as someone convicted of a controlled substance violation. *See* 8 U.S.C. § 1229b(b)(1)(C). Monica Lemus Magana presented no evidence that she now has a qualifying relative for purposes of cancellation of removal as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir. 2002).

As to Erika Lemus Magana (A095–876–806), the BIA did not abuse its discretion in denying her motion to reopen, which relies solely on her acquisition of a qualifying relative and failed to provide any evidence of hardship to that qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); 8 C.F.R. § 1003.2(c)(1).

Accordingly, respondent's motion for summary disposition is granted as to Pe-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dro Lemus Camacho (A095–876–804), Erika Lemus Magana (A095–876–806), and Sandra Monica Lemus Magana (A095–876–807), because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

As to Ana Maria Magana Pena (A095–876–805), respondent's unopposed motion to remand to the agency for review of her eligibility for cancellation of removal is granted. *See INS v. Orlando Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; REMANDED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.